UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD SCHEIDT,          CASE NO. C1-02-778
    PLAINTIFF           (BECKWITH,C.J)
                        (HOGAN, M.J.)
VS.

DANIEL LANE,
    DEFENDANT

ORDER

Before the Court is Defendant's Motion in Limine (Doc. 70), Plaintiff's Memorandum in Opposition (Doc. 72) and Defendant's Reply (Doc. 74-1).  The trial date is November 1, 2005.  For the reasons which follow, Defendant's Motion is granted.

BACKGROUND INFORMATION

This is a 42 U.S.C. , Section 1983 case in which Plaintiff claims that a permanent injury to his right shoulder occurred as a result of excessive force administered by Defendant, a prison guard, who was attempting to restrain Plaintiff after Plaintiff was involved in a fight in the prison dining room.  Plaintiff was deposed twice, once in February, 2004 and again in September, 2005.  At an informal discovery conference, conducted in January, 2005, the Court learned from Defendant that he wished to obtain updated medical information from Plaintiff and wished to re-depose Plaintiff after receipt of the medical information.  Plaintiff agreed to comply and the Court, of course, issued an Order to that effect and thought the problem was resolved.  In the absence of such an Order, Plaintiff is still obligated to disclose relevant medical information by Civil Rule 26(e).  Plaintiff is at fault here, although his counsel's military commitment is undoubtedly the reason.

Defendant's prior efforts to obtain the needed medical information were directed to Plaintiff's physicians directly by means of subpoenas, means not encouraged by this Court, as well as repeated requests directed to Plaintiff's attorneys.  In any event, Plaintiff did provide

supplemental records, but only for periods up to May 13, 2004 and not afterwards.  Then, Plaintiff testified at his deposition that he had visited the emergency room 7 or 8 times since May 13, 2004.

## OPINION

It is apparent that the condition of Plaintiff's right shoulder is an issue of importance in this case.  It is also apparent that Plaintiff need not have disclosed medical records that have no conceivable connection to his right shoulder and that Defendant can not legitimately claim any prejudice resulting from Plaintiff's failure to disclose medical records which are unrelated to Plaintiff's right shoulder.  In this context we do not agree with Plaintiff's attorney's apparent position that he need only disclose medical evidence to be used at trial.  We also do not agree with Defendant's position that Plaintiff must disclose all medical information.

The issue is one of causation.  Since Plaintiff apparently sustained injuries to his right shoulder both before and after his altercation with Defendant Lane, the jury cannot be led to speculate on the subject of which injury, if any, caused Plaintiff's right shoulder to become permanently damaged, if in fact it is permanently damaged.  In this context, we assume that Plaintiff will call a treating physician, because the Pretrial Order indicates that he will, in an attempt to establish causation.  This physician, were he to be presented live instead on video-tape, again as the Pretrial Order indicates, could be impeached by medical records detailing other injuries and treatment to the right shoulder.  Because the physician's testimony will be presented on video-tape, the Defendant has been precluded from an effective cross-examination and this creates prejudice.  In the event, Plaintiff planned to call a physician or physicians in live fashion and Defendant had secured the testimony of an independent medical expert, immediate disclosure of the missing and relevant records would have prevented prejudice to Defendant, but such is not the case.

In the event that Defendant had planned to call an independent medical expert to question causation relative to Defendant Lane's participation in the event which led to the filing of this case, the relevant medical records could have been supplied to that expert or experts in advance of his/her or their testimony, but such is not the case.  The Pretrial Order lists only Dr. McWeeney as a defense witness and Dr. McWeeney is known to this Court as a physician who provides medical services to prison inmates on a contract basis.

In the event that neither Plaintiff nor Defendant had planned to call medical experts,

Plaintiff could have been impeached through the use of medical records showing prior and/or subsequent injuries to his right shoulder, but such is not the case.

Defendant seeks to exclude the testimony of Dr. Swanson, Plaintiff's treating physician, as well as all medical reports by means of this Motion is Limine.  Because even if the medical reports were to be disclosed immediately, Defendant's cross-examination of Dr. Swanson has already occurred and there is no time for him to be deposed again.  The prejudicial situation is made worse by the absence of any testimony by a  independent medical expert who might have been called by Defendant.

There is no alternative, save continuing the case, which will eradicate the harm done to Defendant, whose Motion in Limine is hereby granted.

      s/Timothy S. Hogan

October 21, 2005      _____

      Timothy S. Hogan
      United States Magistrate Judge